OPINION
{¶ 1} Appellant Robin W. Cavinee appeals a judgment of the Licking County Common Pleas Court convicting him of one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04:
 {¶ 2} "The trial court erred, to appellant's prejudice, in denying appellant the right to cross-examine Detective Slayman regarding the alleged victim's inconsistent statements.
 {¶ 3} "The trial court erred, to appellant's prejudice, in denying appellant's right to present evidence of the victim's inconsistent statement to a medical care provider contained in a medical record."
 {¶ 4} Heather Nicole Guilym was born May 9, 1986. In April of 2002, she began seeing appellant, who was forty-five years old at the time. She met him through her neighbor, Rozelle Sendegar.
 {¶ 5} Appellant engaged in sexual conduct with Heather on two occasions. The first incident occurred at Rozelle's home, and included oral sex and attempted sexual intercourse. The second occasion occurred when Heather and appellant went to appellant's trailer for plumbing parts for a project appellant was working on for Heather's father. Again, the sexual conduct included oral sex and attempted sexual intercourse. She stopped the intercourse because it hurt. She testified that both incidents occurred prior to her sixteenth birthday. She remembered that appellant asked if she wanted to drive, and she told him she did not want to, because she could risk losing her license, as she was under sixteen and still had a learner's permit. She also recalled appellant giving her a birthday present, which was after the sexual conduct had occurred. She continued to see appellant after her birthday, with the relationship eventually ending in the fall.
 {¶ 6} Appellant was charged with one count of unlawful sexual conduct with a minor. The case proceeded to bench trial in the Licking County Common Pleas Court. Appellant was convicted as charged, and originally sentenced to six months incarceration. On April 2, 2003, the court re-sentenced appellant to twelve months incarceration, noting that the minimum sentence is twelve months.
 I {¶ 7} In his first assignment of error, appellant argues that the court erred in denying appellant the right to cross-examine Detective Slayman regarding the victim's inconsistent statements concerning when the incidents occurred.
 {¶ 8} The record does not demonstrate the court ever foreclosed appellant from cross-examining Detective Slayman concerning these inconsistent statements to the detective. During the cross-examination of Slayman, the court asked counsel to approach the bench. An off-the-record discussion ensued. Tr. 41. The record does not reflect that the court in any way restricted appellant in his cross-examination of Detective Slayman concerning the prior statements of the victim.
 {¶ 9} The first assignment of error is overruled.
 II {¶ 10} Appellant argues that the trial court erred in denying his right to present evidence of the victim's inconsistent statements to a medical care provider, as contained in a medical report.
 {¶ 11} During the cross-examination of Detective Slayman, appellant attempted to have the Detective testify concerning statements the victim made to Janet McCleery, during the medical evaluation, in order to impeach her credibility. He attempted to admit the statements pursuant to Evid. R. 803(4), as statements made for medical diagnosis or treatment.
 {¶ 12} The attempt to introduce the statements through the testimony of Detective Slayman is double hearsay. As he was not present when the statements were taken, they include not only the hearsay statements of the victim, but also the hearsay statements of Janet McCleery, the writer of the report. While the statements by the victim would have been admissible pursuant to Evid. R. 803 (4) had appellant chosen to call McCleery as a witness, Detective Slayman could not testify regarding the business record prepared by McCleery. Evid. R. 803(6) requires that an individual who testifies to the contents of a business record must be a custodian or other qualified witness with knowledge of the document or record, and that the documents are kept in the course of regularly conducted business activity. Detective Slayman was not qualified to testify concerning the record-keeping practices of McCleery's business. As there is no hearsay exception under which the report would qualify, the court did not err in excluding it from evidence.
 {¶ 13} The second assignment of error is overruled.
 {¶ 14} The judgment of the Licking County Common Pleas Court is affirmed.
Farmer, J., and Edwards, J., concur.